# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| KARL L. PULLUM, | : | PRISONER CIVIL RIGHTS |
|     Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| RONNIE K. BATCHELOR, | : | CIVIL ACTION NO. |
| Superior Court Judge, et al., | : | 1:11-CV-2621-TWT-JFK |
|     Defendants. | : | |

## MAGISTRATE JUDGE'S ORDER AND
## FINAL REPORT AND RECOMMENDATION

Plaintiff, Karl L. Pullum, confined in Autry State Prison in Pelham, Georgia, has submitted a *pro se* civil rights complaint against a superior court judge and others. By separate Order, Plaintiff was granted *in forma pauperis* status, and the matter is now before the Court on the complaint, (Doc. No. 1), for screening under 28 U.S.C. § 1915A; on Plaintiff's motion for appointment of counsel, (Doc. No. 6); and on Plaintiff's motion to compel discovery, (Doc. No. 7).

## I.    28 U.S.C. § 1915A Standard

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who

is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is frivolous when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal quotation marks omitted) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957) ("Factual allegations must be enough to raise a right to relief above the speculative level . . . .")).

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. See Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) (discussing court's authority to disregard frivolous factual allegations). Further, the court holds *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007). "Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education. . . . Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, . . . or to rewrite an otherwise deficient pleading in order to sustain an action[.]" GJR

Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010). A plaintiff must allege facts sufficient to show a recognized legal claim, and the court cannot read into a complaint non-alleged facts. Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that (1) a person acting under color of state law (2) deprived him of a right, privilege, or immunity secured by the Constitution or federal law. Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiffs' factual allegations were insufficient to support the alleged constitutional violation); see also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II. Discussion

Relevant to Plaintiff's action are his Gwinnett County criminal case number 02-B-02219-6 (Case 2219) and criminal case number 05-B-02577-6 (Case 2577). See www.gwinnettcourts.com (follow "Party/Case Search" hyperlink, Case Number 02-B-

02219-6 and Case Number 05-B-02577-6) (last visited Nov. 2, 2011) (hereinafter cited as 02-B-02219-6 or 05-B-02577-6). In 2003, Plaintiff pleaded guilty in Case 2219 to a violation of Georgia's Controlled Substances Act, and, on February 11, 2003, the court sentenced him to a seven-year term of probation. See 02-B-02219-6. In 2006, Plaintiff pleaded guilty in Case 2577 to felony escape, and, on February 13, 2006, the court sentenced him to a three-year term of imprisonment and a seven-year term of probation. See 05-B-02577-6. Judge Ronnie K. Batchelor was the presiding judge in both Case 2219 and Case 2577. See 02-B-02219-6; 05-B-02577-6. In both cases, on December 20, 2007, January 31, 2008, and June 17, 2008, Plaintiff sought sentence review and/or sentence modification. See id. The court denied modification of Plaintiff's sentences in both cases. See id.

Plaintiff brings his action against the Gwinnett County Superior Court; Judge Batchelor; Amanda Blackstock, Probation Officer; and Daphney Parker, a Public Defender. (Doc. No. 1, Handwritten Compl. at 24).[1] Plaintiff states that in August 2004, while on probation in Case 2219, he was arrested for failing to report, was sentenced to serve ninety days in work release, and escaped.[2] (Id. at 11-13). Plaintiff

---

[1]Plaintiff's pages are not in numerical order.

[2]Plaintiff states that he escaped on November 3, 2004. (Doc. No. 1, Handwritten Compl. at 13). In Case 2577, Plaintiff was convicted for an October 5, 2004, escape. See 05-B-02577-6. The difference in the dates does not affect the outcome of the

states (1) that, on January 5, 2005, Judge Batchelor issued an order in Case 2219 that he receive twenty-four months, with twelve months to serve, for felony escape, and (2) that, on January 6, 2005, he appeared before Judge Stark for a revocation hearing, also in Case 2219, and received twenty-four months, with twelve months to serve, to run concurrently with the term for felony escape imposed by Judge Batchelor.[3] (Id. at 14; Doc. No. 7 at 57). As indicated earlier, in 2006, Plaintiff pleaded guilty and was sentenced in Case 2577 on the charges of felony escape.

Plaintiff complains that he was wrongly indicted and sentenced in Case 2577 for felony escape, a charge for which he already had been sentenced in Case 2219.[4] (Doc. No. 1, Handwritten Compl. at 19-20). Plaintiff contends that Judge Batchelor, on January 9, 2008, terminated the remaining portion of his sentence in Case 2577 because Judge Batchelor knew that it "should've been remanded; its judgment

---

instant action.

[3]Public records show that on January 6, 2005, Plaintiff's probation was revoked in Case 2219. See 02-B-02219-6.

[4]Plaintiff contends that Parker ineffectively represented him on the escape charges. (Doc. No. 1, Handwritten Compl. at 13-17, 19-20). Plaintiff contends that Blackstock mishandled paperwork in regard to his escape and Case 2219. (Id. at 18, 20).

5

vacated; and the case reviewed in civil court for . . . damages in behalf of the plaintiff." (Id. at 23). Plaintiff seeks a reversal of Case 2577 and damages. (Doc. No. 1 ¶ IV).[5]

Section 1983 cannot be used "to challenge 'the fact or duration of [a prisoner's] confinement.'" Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)). Under Heck, § 1983 damage claims for "'actions whose unlawfulness would render a conviction or sentence invalid'" are barred unless the plaintiff first shows that his "'conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.'" Wallace v. Kato, 549 U.S. 384, 392 (2007) (quoting Heck v. Humphrey, 512 U.S. 477, 486-87 (1994)).

Plaintiff may not bring a § 1983 action to challenge the fact of, or seek a reversal of, his conviction in Case 2577. Further, because Plaintiff's claim for damages rests

---

[5]In November 2010, Plaintiff brought an in forma pauperis action against the same parties, the Gwinnett County Superior Court, Judge Batchelor, Blackstock, and Parker. Pullum v. Gwinnett Cnty. Superior Court, No. 1:10-CV-3864-TWT (Dec. 10, 2010) ("Pullum"). In that case, Plaintiff complained regarding the same facts and sought damages. Compl. ¶ IV, Pullum. The Court found that Plaintiff's action for damages was barred because Plaintiff had not shown the invalidity of his state convictions and sentences, and it dismissed his action without prejudice. Order, Pullum. The Court's prior ruling is instructive but does not have a *res judicata* effect because it was an *in forma pauperis* action that was dismissed without prejudice. See Hughes v. Lott, 350 F.3d 1157, 1161 (11th Cir. 2003).

directly on his assertion that his conviction and sentence in Case 2577 are invalid, Heck applies and bars his damage claim, which is premature. Although Plaintiff asserts that Judge Batchelor, on January 9, 2008, terminated the remaining portion of his sentence in Case 2577 because he knew that it "should've been remanded [and] its judgment vacated[,]" (Doc. No. 1, Handwritten Compl. at 23), Plaintiff provides no support for his contention, and it is contradicted by Gwinnett County's public records, which show that Judge Batchelor denied Plaintiff's motions to modify his sentences in both Case 2577 and Case 2219. Moreover, Plaintiff's allegation that Judge Batchelor terminated the remaining portion of his sentence because he knew it should have been vacated falls short of stating that his Case 2577 sentence has actually been reversed, expunged, or declared invalid, as required by Heck. Additionally, Plaintiff's implausible argument that his Case 2577 conviction is invalid lends no support to his contention that Judge Batchelor thought the judgment in Case 2577 should have been vacated.[6]

---

[6] Plaintiff's underlying contention – that his Case 2577 sentence is invalid because he was already sentenced for felony escape in Case 2219 – lacks merit. A decision in Case 2219 regarding Plaintiff's escape purely involves the effect that his escape had on his probationary sentence for his drug conviction, and the state was free to separately prosecute and sentence Plaintiff for felony escape in Case 2577. See United States v. Woods, 127 F.3d 990, 993 (11th Cir. 1997) (holding (1) that a prisoner may be punished and his terms of imprisonment modified for committing an offense that violates a probationary term and (2) that he may be separately prosecuted

7

Additionally, none of the named Defendants are subject to Plaintiff's suit for damages. The Gwinnett County Superior Court is not a person subject to suit under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989) (holding that governmental entities considered an arm of the state are not "persons" under § 1983); Harris v. Champion, 51 F.3d 901, 905-06 (10th Cir. 1995) (persuasive authority holding that a court is not a "person" under § 1983), superseded by statute on other grounds, Knox v. Bland, 632 F.3d 1290, 1292 (10th Cir. 2011); Mumford v. Zieba, 4 F.3d 429, 435 (6th Cir. 1993) (same); Clark v. Clark, 984 F.2d 272, 273 (8th Cir. 1993) (same). Parker, as a public defender, is not a state actor subject to suit under § 1983. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Pearson v. Myles, 189 F. App'x 865, 866 (11th Cir. 2006) ("[B]ecause [appointed counsel] was performing traditional lawyer functions in her representation of [plaintiff/defendant], she was not acting under color of state law. Therefore, [plaintiff/defendant] has no §1983 cause of action against [appointed counsel] in connection with her representation of him."). Plaintiff complains regarding Judge Batchelor's actions taken in his judicial capacity; however, Batchelor is absolutely immune from damages liability for those actions. See Bolin

---

and sentenced for that same offense).

v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (citing Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)). Blackstock is entitled to absolute quasi-judicial immunity from damages liability for her handling of Plaintiff's paperwork, actions taken within the scope of her duties as a probation officer. See Holmes v. Crosby, 418 F.3d 1256, 1258-59 (11th Cir. 2005) (holding that parole officer possesses immunity from damage claims for actions within the scope of her duties).

It is not recommended that the Court construe any portion of Plaintiff's complaint as a federal habeas corpus petition because, based on Plaintiff's allegations, it appears that a federal habeas corpus petition would be barred by the one-year limitations period,[7] and, as noted above, supra n.6, Plaintiff's contention that his Case

---

[7] Plaintiff's was sentenced in Case 2577 on February 13, 2006, and he states that he did not appeal. (Doc. No. 1, Handwritten Compl. at 20). Based thereon, Plaintiff's conviction would have become final on March 15, 2006, upon expiration of the thirty-day time period for seeking appellate review of his conviction. See O.C.G.A. § 5-6-38. The federal limitations period would then have expired on March 15, 2007. See 28 U.S.C. § 2244(d)(1)(A). Plaintiff's state habeas corpus petition (which he refers to in his complaint), was filed in March of 2008, too late to provide for statutory tolling of the federal limitations period. See 28 U.S.C. § 2244(d)(2); (Doc. No. 1, Handwritten Compl. at 22); see www.gwinnettcourts.com (follow "Party/Case Search" hyperlink, Case Number 08-A-02679-6) (last visited Nov. 2, 2011).

2577 sentence is invalid lacks merit.[8] In sum, it is recommended that Plaintiff's action be dismissed.

### III. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that, pursuant to 28 U.S.C. § 1915A, Plaintiff's action be **DISMISSED** for failure to state a claim.

**IT IS ORDERED** that Plaintiff's motion for appointment of counsel, (Doc. No. 6), and motion to compel discovery, (Doc. No. 7), are **DENIED** as moot.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO RECOMMENDED, ORDERED, and DIRECTED**, this 16th day of November, 2011.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE

---

[8] The recommendation that the Court not construe Plaintiff's § 1983 action as a federal habeas corpus petition does not prohibit Plaintiff from filing such a petition if he wishes to do so.

AO 72A
(Rev.8/82)